IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

QUITMAN BEACH                                                                                    PETITIONER

v.                                                                                               No. 3:09CV107-M-A

STATE OF MISSISSIPPI, ET AL.                                                                     RESPONDENTS

ORDER TRANSFERRING CASE TO THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

This matter comes before the court on the *pro se* petition of Quitman Beach, who sought relief initially under 28 U.S.C. § 2241, but is actually seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Beach has challenged the placement by federal authorities of a detainer upon him to prevent him from being released from state custody at the expiration of his state sentence – and instead transferred to federal custody to serve his federal sentence. The state has responded to the petition, arguing that it should be dismissed for failure to state a claim (as to the State of Mississippi) for which relief could be granted. Beach has replied by requesting that his case be placed before the proper court so that his claims may be decided. The matter is ripe for resolution. For the reasons set forth below, the present petition will be transferred to the United States District Court for the Southern District of Mississippi for handling as a motion in his criminal case under 28 U.S.C. § 2255.

**Facts and Procedural Posture**

Beach was sentenced on October 14, 2003, by the United States District Court for the Southern District of Mississippi in cause number 5:03-CR-00006-DCB-JCS-1 to 51 months – with 26 months to run consecutively to his sentence out of Franklin County, Mississippi in Cause No. 02-KR-222, with the remaining time to run concurrent, as well as three years of supervised

release. On May 30, 2004, the United States Marshal Service lodged a federal detainer with the Mississippi Department of Corrections, requesting that they be notified prior to Beach's release from state custody. Mississippi honored the detainer. MDOC officials confirmed Beach was released from state custody on November 19, 2005, due to the expiration of his state sentence.

However, briefs filed in Beach's federal criminal case, 5:03-CR-00006, indicate that, due to miscommunication, the U.S. Marshal Service was not aware of Beach's release from state custody on November 19, 2005. Beach himself took no action to notify the federal authorities of his release so as to begin serving his federal sentence. On May 6, 2008, Beach pled guilty to a new misdemeanor charge of fleeing or eluding a law enforcement officer in a motor vehicle in the Circuit of Franklin County, Mississippi. Following a call to the U.S. Marshal's Office, Beach was picked up from the Copiah County Jail by federal officials on July 1, 2009, following the entry of an "Order for Writ of Habeas Corpus Ad Prosequendum." Then, proceedings were held in Beach's federal criminal action resulting an order filed August 6, 2009, requiring Beach to serve the remainder of his federal sentence. This order is the basis of the Beach's present *habeas corpus* petition.

Beach was transported on November 23, 2009, from Grenada County Jail – where he was a federal prisoner – to the Copiah County Jail to face pending false pretense charges in the Justice Court of Copiah County, Mississippi. On December 14, 2009, Beach was convicted of eleven counts of misdemeanor false pretenses in that court, and has been committed to the Copiah County Jail until such time as his fines are paid. Beach is currently in the custody of the Copiah County Jail with a federal detainer requiring him to be turned over to the federal authorities upon the completion of his sentence in that county.

**Discussion**

The subject of Beach's petition is a *federal* criminal charge in Cause No. 5:03-CR-00006-DCB-JCS-1 in the United States District Court for the Southern District Court of Mississippi. Beach states in paragraph 4 of his petition that "I am not challenging my sentence, but I am requesting 'credit for time at liberty.'"[1] Further in the sole ground for relief raised in his petition, Beach complains that he is being illegally detained under 18 U.S.C. §3624(a), which states that a federal prisoner is to be released from the Bureau of Prisons upon the expiration of his sentence. Beach's petition is not in the posture of a state prisoner seeking *habeas corpus* relief, but, rather that of a federal prisoner seeking relief under 28 U.S.C. § 2255. The Mississippi Attorney General's Office can neither fully address the allegations contained in Beach's petition nor fairly represent the interests of the named respondent.

Beach challenges the validity and calculation of his *federal* sentence. As such, the relief he seeks cannot be obtained through a writ of *habeas corpus* under 28 U.S.C. § 2241. He may, however, seek relief under 28 U.S.C. § 2255 – a motion to vacate, set aside, or correct his sentence. He must seek such relief in the court which imposed the sentence he wishes to challenge. 28 U.S.C. § 2255(a). In the present case, the court with jurisdiction is the United States District Court for the Southern District of Mississippi.

---

[1] Beach complains that, because the U.S. Marshall Service did not take him into custody until June 13, 2009, despite the fact that he had been released from state custody in November of 2005, he is entitled to credit for the time he was at liberty and, therefore, his federal sentence has expired. ecf doc. 1, pg. 11.

Therefore, the Clerk of the Court is **DIRECTED** to **TRANSFER** this case to the United States District Court for the Southern District of Mississippi.

**SO ORDERED,** this 2nd day of March, 2010.

        **/s/ MICHAEL P. MILLS**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF MISSISSIPPI**